#### OF THE

## TERRITORY OF ARIZONA

### DURING THE YEAR 1892.

[Civil No. 311. Filed January 16, 1892.]

[28 Pac. 1134.]

PRESCOTT AND ARIZONA CENTRAL RAILWAY COM-
PANY, Plaintiff and Appellant, v. SAMUEL C. REES,
and SPRINGFIELD FIRE AND MARINE INSUR-
ANCE COMPANY, Defendants and Appellees.

1. REAL PROPERTY—BUILDING HOUSE UPON LAND OF THIRD PARTY WITH-
OUT AGREEMENT.—A house built by one person upon the land of
another, without any authority or agreement in respect thereto, be-
comes a part of the realty, and the property vests in the owner
of the soil.

2. DAMAGES—NEGLIGENCE—DEFENSE—WANT OF INTEREST IN PROPERTY
—EVIDENCE.—In an action for damages for the negligent destruc-
tion of a house by fire, where the defense is that the plaintiff has
no title to the property, evidence that plaintiff had built the house
upon land belonging to a third party, without any agreement or
authority so to do, is proper as tending to show that plaintiff had
no property interest in the house for which he could recover.

3. NEGLIGENCE—COMPARATIVE—INSTRUCTIONS.—An instruction that, if
both parties were guilty of negligence in the premises, then the
negligence of the one is to be balanced against the other, and the
jury is to find for the party least guilty in this respect, is error.

APPEAL from a judgment of the District Court of the
Third Judicial District in and for the County of Yavapai.
James H. Wright, Judge. Reversed.

The facts are stated in the opinion.

( 317 )

E. M. Sanford, for Appellant.

Herndon & Hawkins, and Baldwin & Johnson, for Appellees.

SLOAN, J.—This action was brought by Samuel C. Rees and the Springfield Fire and Marine Insurance Company, of Springfield, Massachusetts, against the Prescott and Arizona Central Railway Company, to recover damages for the destruction of a certain house, with its contents, situated near the track of said railway company, and alleged to have been set on fire through the negligence of said railway company, in that its employees negligently permitted cinders and sparks to escape from one of its engines and ignite said house, and thereby destroy it, with its said contents. The said Rees based his right of recovery upon his ownership of the property destroyed; and the said insurance company, by virtue of its right to be subrogated to the right of said Rees in any amount Rees might recover in the action, to the extent of the amount of a certain policy of insurance held by said Rees in said insurance company, and paid to said Rees after the destruction of said property as aforesaid. The case was tried in the court below by a jury, and a verdict found for plaintiffs, (appellees herein). From the order overruling a motion for a new trial, defendants appeal.

One of the issues raised by the pleadings was the ownership of the house. The answer denied that Rees was the true owner, and set up that Rees had, without any authority or license therefor, built the house upon land owned by the Atlantic and Pacific Railway Company; said company becoming thereby the owner of the house. At the trial appellant sought to introduce in evidence the depositions of J. A. Williamson, land commissioner of said Atlantic and Pacific Railway Company, and of J. W. Donnelly, a clerk in the land department of said company, in substance to the effect that the land upon which the house in question had been built was owned by said Atlantic and Pacific Railway Company, being a part of its grant of lands obtained by act of Congress dated July 27, 1868, and that said house had been erected by said Rees upon said land without license or authority therefor from said railway company. This evidence, as well as the testimony of

E. Burgess, register of the United States land-office at Prescott, offered to prove that the land upon which the house stood was within the limits of said grant of lands, was excluded by the trial court upon the general objection being made that it was immaterial and irrelevant.  If Rees had no property interest in the house which had been destroyed, then it follows that he could not recover against the appellant for its destruction, as he was not then the real party in interest.  Neither could the insurance company recover for the amount paid by it to Rees, as it could only be subrogated to the right of Rees to recover.  Would the evidence which was excluded have tended to show that Rees had no property interest in the house?  The answer to this must be in the affirmative.  The law is settled that a house built by one person upon the land of another, without any authority or agreement in respect thereto, becomes a part of the realty, and the property in the building vests in the owner of the soil.  *Cooper* v. *Adams,* 6 Cush. 87; *Washburn* v. *Sproat,* 16 Mass. 449; *West* v. *Stewart,* 7 Pa. St. 122.  Evidence, therefore, that Rees had built the house in question upon the land, the title to which was at the time in the Atlantic and Pacific Railway Company, without any agreement or authority from said company, was proper evidence, as tending directly to show that Rees had no property interest in the house for which he could recover, and should have gone to the jury.  Its exclusion was therefore error.

Other questions presented by the bill of exceptions, relative to the introduction or exclusion of evidence by the trial court, we pass over, inasmuch as we have, in our judgment, disposed of the most important question, and have found therein error sufficient to reverse the judgment of the court below.

As to the instructions given by the court, we deem it unnecessary to say more than that they present an entirely new doctrine of comparative negligence, by charging, in effect, that if both parties to the suit were guilty of negligence in the premises, then the negligence of the one party was to be balanced as against the negligence of the other, and the jury were directed to find for the party least guilty in this respect; and also to express our disapproval of such or any doctrine of

comparative negligence, and our adherence to the well-settled doctrine of contributory negligence as applied to this class of cases. Judgment reversed and new trial granted.

Gooding, C. J., and Kibbey, J., concur.